KNOLL, Justice,
concurring in part and dissenting in part.
I agree that respondent, Robert W. Sharp, should be sanctioned. However, I find, as did the Hearing Committee and the Disciplinary Board, that Mr. Sharp’s conduct was negligent and caused potential injury to the legal system because he continued to draft the agreement even after he concluded that the agreement was not a good idea. Nonetheless, for the following reasons, I find that the majority’s imposition of suspension from the practice of law for a period of one year and a day is unduly harsh.
Mr. Sharp did not initiate the idea to pay S.H.[1] Moreover, even after he drafted the agreement, Mr. Sharp advised S.H. to seek independent counsel on the advisability of executing the document. Finally, after discussing the matter with S.H.’s independent counsel, Mr. Sharp no longer pursued execution of the document because he realized that the contract was not enforceable.[2] Under these facts, I find a sixty day suspension, the sanction recommended by the Hearing Committee and the Disciplinary Board, more appropriate.
For these reasons, I respectfully dissent from the sanction that the majority imposes.

. As a practical matter, the record shows that S.H. sought this extrajudicial means to avoid having her daughter go through the trauma of providing testimony against Mr. Freeman, the man with whom her daughter was purportedly still in love.

. "[T]he district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” La.- Code Crim. Proc. Ann. art. 61.